Curia, per
Wardlaw, J.
This appeal of the plaintiff requires the court to consider only whether the fieri facias sued out by him was regular, and should be permitted to operate beyond the extent to which by the order of the circuit Judge it has been limited. Fieri facias for the plaintiff’s whole debt against the goods of the guarnishee who has failed to make any return, is expressly authorized by our attachment Act, the default being considered as an acknowledgment of assets of the absent debtor in the garnishee’s hands, sufficient to pay whatever the plaintiff may establish. But a return denying anything in hand, or admitting only a limited amount, excludes such acknowledgment ; and liability for the whole debt would often be too heavy a penalty for an error in the return. The provisions of the attachment Act, and the cases of Westmoreland vs. Tippens and Pringle vs. Carter, accordingly shew that, a return falsified by a verdict, is to be treated as if the garnishee had voluntarily, by leave of the court, amended his return by the insertion of what the jury found, with only the difference of the costs in the two cases. The plaintiff’s suggestion contesting a return is required to set forth the particulars complained of; and besides the allegations that at the time of the attachment the garnishee had in his hands certain monies, goods or other property of certain value, not contained in the return, should charge such increase by interest, hire, damages, or other matter subsequent to the attachment, or such change by sale, destruc *535 tion, or other occurrence subsequent to the at^rchment, according to the circumstances of the case, as may direct the jury to enquire what, at the time of the verdict, should be added to the return ; and the verdict, by reference to the suggestion or independent statements, should precisely ascertain the extent of liability to-result from it. The verdict on the judgment, and interest on it, thus becomes like an amendment of the return made on the day of the verdict; and as the attachment Act contains no authority for a fieri facias in such case against the garnishee for the matter found by the jury, any more than for that admitted by his return, or for the plaintiff’s whole debt, it is left for the court, by an order for payment of money into court, or an order for sale, or other suitable order according to the case, to give to the plaintiff the benefit of a return amended by a jury as of an original return ; and by attachment for contempt, to compel obedience to its order/ The order of the circuit court setting aside the plaintiff’s execution in this case, was then correct, and the motion is dismissed.
Richardson, O’Neall, Evans, Frost, and Butler, JJ. concurred.